### EQUITY AND ACCOUNTING.

Circuit Court of Hamilton County.

JAMES STORY v. MRS. M. W. KNAPP ET AL.

Decided, May, 1908.

*Conversion—Claim for Recovery on Account of—Not Equitable and not Appealable, When—Creation of Trust in a Publication—Action for Profits Resulting—Jurisdiction as to Copyrighted Book Plates and in Actions for Recovery of Specific Personal Property—Pleading.*

1. A claim for wrongful conversion does not become an equitable action by reason of a mere averment that the amount due is unknown, coupled with a prayer for an accounting, when the allegations of the petition do not otherwise require a decree granting equitable relief; this being true, such an action is not appealable.
2. Where a publication is given by its founder in trust to a society, and in reliance on the trust thus created large sums were contributed by members of the society which were used in extending the circulation and value of the publication, equity will not require the trustees of the society to account to the estate of the donor of the publication for profits derived herefrom.
3. There can be no recovery of profits arising from the publication of the books of an author unless the books were copyrighted, and in that event the state courts would be without jurisdiction.
4. An action for recovery of book-plates and electrotypes is an action for recovery of specific personal property and can not be determined by the circuit court on appeal.

*Roettinger & Gorman* and *Province Pogue,* for the ancillary trustees and creditors.

*J. W. Sparrow, C. A. J. Walker, C. W. Baker* and *David Davis,* for the Knapp estate.

*Peck, Shaffer & Peck* and *W. A. Hicks,* for the Bible School.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The claim of Jackson W. Sparrow, as administrator de bonis non of the estate of Martin W. Knapp, deceased, to the money

---

\* For opinion in another branch of the same case, see *Story* v. *Knapp et al,* 5 O. L. R., 55,

on deposit in the Second National Bank and the Cincinnati Savings Society in the name of Martin W. Knapp at his death is based upon the wrongful conversion of the same by the defendant trustees, and does not arise from the same transaction, nor transactions connected with the same subjects of action as the equitable claims stated in his petition. The averment that he does not know the exact amounts and therefore asks an accounting does not make it an equitable cause of action. There is no averment that the accounts are complicated or involved, or that the banks refuse to disclose the amounts, nor is there any other averment in his petition or in the answer of the trustees requiring a decree granting equitable relief in relation to such deposits.

The causes of action thus stated are for the recovery of money only and therefore not appealable (*City of Wellston* v. *Morgan*, 59 O. S., 147; *Lange* v. *Lange et al*, 69 O. S., 346).

Although the publication known as the *Revivalist* was originally the property of Martin W. Knapp, we find that by the declaration of June 21, 1900, he gave the same in trust to the society known as "God's Bible School," and by subsequent declarations ratified such gift. Large sums of money were contributed evidently upon the faith of such declarations and the trust thereby created, and materially aided in establishing the paper and increasing its circulation. It would therefore be contrary to every principle of equity to now require the trustees of the society to account to the administrator for the profits and to deliver to him the publication and the rights incident thereto.

The conclusion applies as well to the publication known as *Sparkling Waters*. The demand for an account of the profits arising from the publication and sale of certain books written by Martin W. Knapp has no foundation unless the books were copyrighted by the author, and in that event, the validity of the copyright being involved, the state courts are without jurisdiction.

The cause of action stated in the petition of the administrator for the recovery of the book-plates and electrotypes existing at the death of Martin W. Knapp is one for the recovery of specific personal property and can not be heard and determined by this court on appeal, and the judgment of the common pleas court as to the right of possession and the title to such property as

well as the money in bank is final. The appeal of such causes of action should therefore be dismissed for the want of jurisdiction, and petition of the administrator as to all other causes of action be dismissed. We are of opinion that $2,000 is a reasonable compensation for services rendered by counsel who represented the trustees in the common pleas court and that $200 is a reasonable compensation for the services rendered by the master. There being no dispute as to claims of creditors such finding and decree as counsel shall agree upon may be entered, and the cause will be remanded to the common pleas for execution.